## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRAVELERS EXCESS AND SURPLUS LINES COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 24-781-JLH |
| CONCENTRIX CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## <u>MEMORANDUM ORDER</u>

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (D.I. 17) and Plaintiff's Motion for Leave to File Exhibit Under Seal (D.I. 30). For the reasons below, Defendant's motion will be granted-in-part and denied-in-part, and Plaintiff's motion will be granted.

1.      The Court writes primarily for the parties and assumes familiarity with the Complaint (D.I. 1 ("Compl.")). The case arises out of a transaction between Fins Acquisition Corporation ("Buyer") and Defendant Concentrix ("Defendant"), whereby Buyer purchased from Defendant all equity interests in Concentrix Insurance Administrative Solutions Corporation ("Company"). The transaction is memorialized in an Equity Purchase Agreement (D.I. 19, Ex. A ("EPA").) The Complaint alleges that certain representations regarding the Company's licensing liabilities were materially false, causing Buyer to incur millions in losses. According to the Complaint, Plaintiff Travelers asserts claims on Buyer's behalf as subrogee and assignee of Buyer's claims. (Compl. ¶¶ 1, 8, 28–30, 67–68, 80.) The Complaint asserts three claims: common-law fraud / fraudulent inducement ("First Cause of Action"), indemnification ("Second Cause of Action"), and unjust enrichment ("Third Cause of Action").

2.      Defendant moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Defendant first suggests that the Complaint should be dismissed because Plaintiff lacks standing because it was not a party to the EPA.  I disagree.  The Complaint plausibly alleges that Plaintiff is an assignee and subrogee of Buyer, a party to the contract.  (Compl. ¶¶ 1, 8, 28–30, 67–68, 80.)  Those plausible allegations are enough to survive a motion to dismiss. *Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 266 n.5 (3d Cir. 2016); *Blattman v. Siebel*, No. 15-530, 2018 WL 11474823, at *1 n.1 (D. Del. June 7, 2018); *see generally Sprint Comms. Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008) (holding that allegation of an assignment was enough to allege standing, even when the assignee has promised to remit the proceeds of the litigation to the assignor).  Defendant appears to suggest that fraud claims cannot be asserted by an assignee or subrogee because fraud requires reliance, and Defendant made the relevant representations to Buyer, not Plaintiff.  None of Defendant's cited cases on this point even remotely suggest that a subrogee or assignee of a claim cannot assert a fraud claim.  Because Plaintiff stands in Buyer's shoes as assignee and subrogee of Buyer's claim, Plaintiff may rely on Buyer's reliance.

3.      Defendant next contends that subrogation is prohibited by what Defendant refers to as the EPA's "subrogation waiver."  (D.I. 19, Ex. A § 9.6(a).)[1]  But that provision expressly states that subrogation is not waived with respect to fraud claims based on representations and warranties.[2]  (*Id.*)

_____

[1] Plaintiff did not attach a copy of the EPA to its Complaint, and Defendant provided a copy as an exhibit in connection with Defendant's motion to dismiss.  (D.I. 19, Ex. A.)  Plaintiff does not dispute that the Court may consider the EPA in resolving the motion to dismiss.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

[2] Defendant contends that the carveout permitting subrogation of fraud claims does not apply because the provision only permits subrogation of fraud claims relating to "the

2

4.    Defendant next contends that Plaintiff's claims are barred by the EPA's anti-assignment provision.  (D.I. 19, Ex. A § 11.6.)  But Delaware law distinguishes between the assignment of "rights, interests or obligations" under the agreement (*i.e.*, assignment of the agreement itself), which the clause here prohibits, and the assignment of legal claims.  Plaintiff has plausibly alleged that it was assigned Buyer's claim for fraud.  (Compl. ¶ 56.)

5.    Defendant's final argument fares better.  Defendant contends that Plaintiff's unjust enrichment claim should be dismissed because (1) Plaintiff cannot bring any claim against Defendant for the reasons already discussed, and (2) Plaintiff's unjust enrichment claim is based on the same factual allegations as its other claims, which are governed by the EPA.  I reject the first argument for the reasons above but agree with the second.  Although Plaintiff points out that its claim is pleaded in the alternative, pleading unjust enrichment alternatively is necessary but not sufficient for the claim to survive a motion to dismiss.[3]  Instead, the claim must be based on different facts not controlled by the governing contract.[4]  Here, Plaintiff's unjust enrichment claim is based on the same factual allegations as its other claims and derives from representations made

---

representations and warranties contained in ***Articles III and IV*** of this Agreement," but the representations that form the basis of Plaintiff's fraud claim are found in ***Article II***.  (D.I. 18, Defendant's Opening Br., at 7 (emphases added); D.I. 32, Defendant's Reply Br., at 5–6.)  Plaintiff, citing numerous other provisions of the EPA, contends that the reference to ***Article IV*** is a clear scrivener's error and that the provision was intended to refer to ***Articles II and III***.  (*See, e.g.*, D.I. 19, Ex. A at A-7 (Annex A defining "Fraud" to include "knowing and intentional common law fraud . . . with respect to the making of the representations and warranties contained in ***Article II and Article III*** . . .").)  The Court need not and does not rule on this issue now, as at the motion to dismiss stage, it is sufficient for Plaintiff to plausibly allege that it may assert fraud claims under the EPA.  (Compl. ¶¶ 1, 8, 28–30, 67–68, 80.)

[3] *BAE Sys. Info. & Elec. Sys. Integration, Inc. v. Lockheed Martin Co., No*. 3099, 2009 WL 264088, at *8 (Del. Ch. Feb. 3, 2009).

[4] *BAE Sys.*, 2009 WL 264088, at *8; *see also Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 891 (Del. Ch. 2009).

in the EPA. (Compl. ¶¶ 82–86.) Thus, Plaintiff's unjust enrichment claim must be dismissed for failure to state a claim.[5]

6.      Finally, the Court addresses Plaintiff's Motion for Leave to File Exhibit Under Seal (D.I. 30), which Defendant opposes (D.I. 35). Plaintiff seeks to file under seal a copy of the RWI Policy Buyer purchased from Plaintiff in support of its arguments opposing Defendant's motion to dismiss. (D.I. 30 at 1–3.) The Court has not relied on the RWI Policy in resolving Defendant's motion to dismiss. But having reviewed the parties' filings (D.I. 30, 31, 35, 36, 41, 42), the Court finds that Plaintiff's representations (D.I. 30 at 2–3; D.I. 41, Ex. B) show that the proposed redactions (D.I. 30, Ex. A) involve "material that is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). Accordingly, Plaintiff's motion for leave to file it under seal will be granted.

For the reasons above, IT IS HEREBY ORDERED THAT:

1.      Defendant's Motion to Dismiss Plaintiff's Complaint (D.I. 17) is GRANTED-IN-PART and DENIED-IN-PART.

2.      The Complaint's Third Cause of Action is DISMISSED without prejudice.

3.      Plaintiff is granted leave to amend the Complaint to remedy deficiencies within 14 days of this order.

4.      Plaintiff's Motion for Leave to File Exhibit Under Seal (D.I. 30) is GRANTED. D.I. 30, Exhibit B shall remain under seal. Plaintiff shall file a redacted copy of the

---

[5] Plaintiff points out that a party may plead unjust enrichment in the alternative where the contract's enforceability is challenged. But the Complaint (understandably) does not allege any defect in the contract's enforceability.

RWI Policy, in the form attached as Exhibit A of D.I. 30, within 7 days of this order.

Dated: September 26, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE